**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | SA-21-CR-224-FB |
| | § | |
| OLUFEMI NATHANIEL ITIOWE, (1) | § | |
|   a/k/a Baloi Maputo Oldemiro | § | |
|   and John Koffi | § | |
| STACEY ALLISON AULT, (2) | § | |
|   a/k/a Tammy Botha | § | |
|   and Cindy Theron | § | |
| ENSO J. ANDERSON, (3) | § | |
| EDWARD CHANCE JOHNSON, (4) and | § | |
| BONA WONG. (5) | § | |
|     Defendants. | § | |

**AGREED MOTION FOR A**
**PROTECTIVE ORDER UNDER RULE 16(d)(1)**

The United States seeks a Protective Order Under Fed. R. Crim. P. 16(d)(1) applicable to all Defendants for the discovery that the United States will produce in this case.

**I.    BACKGROUND**

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that "at any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." "The trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969); *see also United States v. Carriles*, 654 F. Supp. 2d. 557, 566 (W.D. Tex. 2009). Discovery motions are matters committed to the sound discretion of the trial court and are reviewed only for abuse of discretion. *United States v. Stone*, 472 F.2d 909, 916 (5th Cir. 1973).

On May 19, 2021, a federal grand jury in San Antonio indicted the Defendants for

conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Defendants were arrested in locations in New York, Oklahoma, and Nevada and have been arraigned at various times between June 16, 2021 and July 2, 2021.

## II. ARGUMENT

A protective order is sufficient in this case to protect the Defendants, their victims, and their data (Defendants and victims) and because redacting the large volume of documents containing personal and sensitive information, in addition to delaying production, would diminish the ability of the parties to assess and utilize the information in their defenses. Providing the Defendants with unredacted discovery will afford the Defendants the greatest possible avenues for assessing the evidence and preparing their cases.

The discovery consists of voluminous records containing personal identifying information (such as social security numbers, dates of birth, work and personal addresses, phone numbers, email addresses and similar information) and detailed financial, tax and credit-related information. It also contains information that the Defendants and their victims likely regard as sensitive and confidential but which would not be subject to redaction by the Government, such as the descriptions of the interpersonal relationships, the methods used to gain trust for email spearfishing efforts, and the losses incurred by victims who are presently unidentified in the indictment. This information is contained in numerous banking and financial documents, personal communications obtained from personal phones and computers, identification documents (both fraudulent and real), investigative reports, and similar documents. Redacting these documents could be confusing to the parties, particularly because the Government alleges that the conspirator used fake identities, aliases, and fraudulent identity documents. Accordingly, redaction would diminish the usefulness of the discovery. Redactions would also

be inadequate to protect some of the sensitive personal information, which although sensitive, would not be subject to standard redaction protocols.

The United States contends that the Defendants were engaged in a conspiracy in and amongst each other. However, the Government also alleges that others unnamed in the indictment were involved in the conspiracy and seeks a protective order, in part, to prevent the Defendants from notifying co-conspirators of the details of the Government's evidence. Simultaneously, the Government seeks, except in extremely limited circumstances (none of which are currently known to the Government) to provide each Defendant with open discovery as to each co-Defendant. Open discovery among the Defendants is appropriate to ensure any exculpatory material is equally available.

### III. MOTION

The Government requests that this Court order that the Government will not be required to redact discovery and that access to the discovery is limited to the Government, the Defendants, Defendants' criminal defense counsel, counsel's staff or employees, any agent or expert retained by the Defendants or their counsel, the Court and court staff, and a jury.

The Government requests that the Court order that copies of any documents containing personal identifying information shall not be disseminated to, nor used by, any person other than the parties described above for purposes related to this criminal litigation. The Government also requests that the Court order that duplication of the personal data by video, photography, copy machine, computer scanner, or other means except for purposes related to representation in this case be strictly prohibited, and that in no event is the Defendants or their counsel authorized to provide personal data or copies thereof to any parties outside of the litigation in this case. Further, the Government requests that the Court order that the information may not be used or

disclosed in any proceeding not part of the pending criminal case or subsequent appeal, and that the Defendants and their counsel be ordered to document in writing with the Court and the Government any parties with whom they share the information. Finally, the Government requests that any party retained or used by the Defendants in preparation for litigation be advised of this Order in writing by the Defendants and/or their counsel, and that the use of the information by the retained party be subject to the terms of this Order.

## IV.     CONSULTATION

The Government has discussed this matter with the attorneys of record for each of the Defendants and provided them with a draft order for review. All Defendants have, through counsel, represented that they are unopposed to the Motion and/or agreed that a protective order governing the discovery in this case as set out above would be appropriate.

WHEREFORE, for the foregoing reasons, the Government respectfully requests that the Court enter an order concerning the discovery in this case consistent with and in accordance with the above.

Respectfully submitted,

ASHLEY HOFF
UNITED STATES ATTORNEY

_____
Kelly Griffith Stephenson
Assistant United States Attorney
Texas Bar # 24079823
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
Kelly.Stephenson@usdoj.gov

CERTIFICATE OF SERVICE

      I certify that I caused a true and correct copy of this document to be served by the CM/ECF system on all counsel of record simultaneously with this electronic filing.


      /s/
      KELLY G. STEPHENSON
      Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | SA-21-CR-224-FB |
| | § | |
| OLUFEMI NATHANIEL ITIOWE, (1) | § | |
|   a/k/a Baloi Maputo Oldemiro | § | |
|   and John Koffi | § | |
| STACEY ALLISON AULT, (2) | § | |
|   a/k/a Tammy Botha | § | |
|   and Cindy Theron | § | |
| ENSO J. ANDERSON, (3) | § | |
| EDWARD CHANCE JOHNSON, (4) and | § | |
| BONA WONG. (5) | § | |
|     Defendants. | § | |

## **PROTECTIVE ORDER**

This Court considered the Government's Unopposed Motion for a Protective Order in the above-captioned case and has **GRANTED** the motion.

**The Court ORDERS that:**

The Government and Defendants are not required to redact discovery materials in this matter. "Discovery materials" means any and all documents, materials, or information provided by the Government to Defense Counsel in discovery in this criminal case and all reciprocal discovery provided by Defendants to the Government.

Access to discovery materials is limited to the Government, the Defendants, Defendants' criminal defense counsel, counsel's staff or employees, any agent or expert retained by the Defendants or their counsel in preparation for litigation, the Court and court staff, the jury, and as needed by any attorneys involved in any appeal related to this case.

Copies of any documents containing personal or financial data shall not be disseminated

to, or used by, any person other than the Government, the Defendants, Defendants' counsel, counsels' staff or employees, any agent or expert retained by the Defendants or their counsel in preparation for litigation, the Court and court staff, the jury, and as needed by any attorneys involved in any appeal related to this case. All dissemination to any parties other than the Defendants and their attorneys must be documented and record the date of disclosure as well as which materials were disclosed.

Duplication of the personal data by video, photography, copy machine, computer scanner, or other means is strictly prohibited except for purposes related to representation in this case. In no event are the Defendants or Defendants' counsel or agents authorized to provide the personal data or copies thereof to any parties outside of the litigation in this case. The information may not be used or disclosed in any proceeding not part of the pending criminal case or subsequent appeal.

Any party provided with the discovery materials by the Defendants shall be advised of this Order, in writing by the Defendants and/or their counsel, and that use of the information by that party will be subject to the terms of this Order. If Defense Counsel distributes copies of discovery material to their client, they must direct the client not to reproduce, disclose, or distribute those copies, and direct the client to return them to Defense Counsel at the soonest date and time that is consistent with the need for distribution of those copies to the client.

If a government attorney or Defense Counsel determines that they must use confidential discovery material in public, non-sealed court filings or hearings in a manner that will result in disclosure of that confidential discovery material, the disclosing party must alert the Court and/or other parties, as appropriate, prior to disclosure and redact personal identification information prior to disclosure.

The Government's attorneys and Defense Counsel are ordered to cooperate, to the fullest extent possible, to ensure that they do not disclose Discovery Material in contravention of this Order, including by taking any necessary steps to return and prevent further disclosure of any Discovery Material that may have been disclosed inadvertently.

Finally, the Court orders that upon conclusion of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file.  The Court may require a certification as to the disposition of any such materials.  In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

SIGNED AND ENTERED this _____ day of July, 2021.

_____
THE HONORABLE FRED BIERY
UNITED STATES DISTRICT JUDGE